LA FLORIDIENNE, J. BUTTGENBACH COMPANY, SOCIETE ANONYME, A CORPORATION UNDER THE KINGDOM OF BELGIUM, *Plaintiff in Error,* v. THE SEABOARD AIR LINE RAILWAY, A CORPORATION, *Defendant in Error.*

STATUTORY CONSTRUCTION—STATUTE GIVING NEW REMEDY PROVIDED SAME BE INSTITUTED WITHIN SPECIFIED TIME—THE TIME THUS PROVIDED ENTERS INTO AND BECOMES PART OF THE RIGHT OF ACTION ITSELF—REVIVING CAUSE OF ACTION EXTINGUISHED BY LAPSE OF TIME.

1.  Under the provisions of Section 2910, General Statutes of 1906, authorizing suits against railroad companies for violation of the rules, rates and regulations of the railroad commissioners, and providing that all suits under this chapter shall be brought within twelve months after the commission of the alleged wrong or injury, the time thus limited is a condition precedent to the bringing of any such suit. Such limitation of time is not like an ordinary statute of limitation, affecting the remedy merely, but enters into and becomes a part of the right of action itself, and if allowed to elapse without the institution of the action, such right of action becomes extinguished and is forever gone.

2.  Chapter 5624, Laws of 1907, which undertook to amend said section 2910 of the General Statutes of 1906, so as to permit such suits to be brought within twelve months after the termination of suits brought by the railroad commission to enforce their rates, &c., does not and cannot have the effect of reviving a cause of action that accrued under the amended section of the statute and that had become extinguished by the lapse of time prior to the enactment of said amendatory statute.

This case was decided by the court En Banc.

Writ of error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*Bisbee & Bedell, O. T. Green* and *R. L. Anderson,* for Plaintiff in Error;

*Geo. P. Raney, L. N. Green, W. E. Kay* and *R. A. Burfurd,* for Defendant in Error.

TAYLOR, J.—On the 9th day of August, 1907, the plaintiff in error as plaintiff below sued the defendant in error as defendant below in the Circuit Court of Marion County, the declaration alleging as follows:

"For that whereas heretofore to-wit: On the 17th day of December, A. D., 1903, the Railroad Commissioners duly existing and organized under the laws of the State of Florida, at a meeting of the said Commissioners held in Tallahassee, Florida, of which the defendant had due notice and appeared before the said Commissioners at said meeting, made and passed an order in part as follows, to-wit: 'The rate to be charged by all the railroads and common carriers doing business wholly or in part within the State of Florida for the transportation of phosphate to points within the State shall not exceed one cent per ton per mile,' and did further order 'that where a shipment of phosphate shall pass over two or more railroads in reaching its destination within the State of Florida, the initial line may charge one and one half cents per ton per mile for the first ten miles which said phosphate shall be hauled.' And the plaintiff alleges that the defendant company had due notice of and received a copy of the said order soon after the same was made and passed as aforesaid; and the plaintiff further alleges that the said defendant company refused to comply with and obey the said order fixing the

rate for carrying phosphate as aforesaid and thereupon, to-wit: on the seventh day of March, 1904, an action of mandamus was commenced on the relation of the said Railroad Commissioners and others in the name of the State of Florida, against the said defendant company in the Supreme Court of the State of Florida to compel it to obey and comply with the said order and to carry and transport phosphate at the price and rate fixed in said order; that due service was made on the defendant in the said action and the defendant appeared and answered in the said action; that such further proceedings were had therein that afterwards, to-wit: on the 19th day of October, 1904, said Supreme Court entered its judgment in the said action in the words and figures following, to-wit: "This cause coming on to be heard upon the amended return of the respondent filed by leave of the court on July 26, 1904, and the joinder of issue upon the amended return of the respondent to the alternative writ of mandamus issued herein, and upon oral and documentary evidence in behalf of the respective parties, submitted on the 12th instant, and having been argued by counsel for the respective parties, and the court having considered the same, and being now advised of its judgment in the premises, finds the issues in favor of the plaintiff; therefore it is ordered that the peremptory writ of mandamus be and the same is hereby granted; and it is further ordered that the plaintiff do recover of the respondent its costs by it in this behalf expended, which costs are taxed at the sum of ——————; and it is further ordered that the respondent is required to make return to this court instanter of its full compliance with the commands of the said peremptory writ of mandamus.' That immediately thereafter the said defendant company removed the record of the said action into the Supreme Court of the United States by writ of error, and such further proceedings were

thereafter had in the said Supreme Court of the United States that thereafter, to-wit: on December 3, 1906, the said judgment of the said Supreme Court of Florida was affirmed by the judgment of the said Supreme Court of the United States. Plaintiff further alleges that the peremptory writ of mandamus which was ordered by the said Supreme Court of Florida on the 19th day of October, 1904, has never been issued. And plaintiff alleges that during the times hereinbefore and hereafter mentioned the defendant was a corporation and was engaged in the State of Florida in the business of a common carrier, and as such owned and operated a railroad between several points and places in Florida and Fernandina, Florida, and at the said times the Atlantic Coast Line Railroad Company was a corporation and was engaged in doing business as a common carrier in the State of Florida, and as such owned and operated a line of railroad between several interior points and places in Florida and other points and places where its line of road connected with the line of railroad of defendant, making a continuous line of railroad from said interior points and places to Fernandina, Florida. And plaintiff alleges that during the year A. D. 1904 the plaintiff delivered to the said Atlantic Coast Line Railroad Company at Dunnellon, Florida, Holder, Florida, and Anita, Florida, sixty-four thousand, three hundred and fifty-eight and seventy one-hundredths (64,358.70) tons of phosphate rock of two thousand pounds each, destined to Fernandina, Florida, and the said Atlantic Coast Line received the said phosphate rock and carried the same to-wit, to Ocala, Florida, a station on its line of road; that the defendant received the said phosphate rock at Ocala, Florida, from the said Atlantic Coast Line Railroad Company, hereinafter called the other carrier, and carried the same to Fernandina, Florida, and plaintiff alleges that the defendant and the

said other carrier charged the plaintiff for the said services
the aggregate sum of one hundred and thirty-two thousand
five hundred and sixty-six one-hundredths dollars ($132,-
500.66), and demanded payment thereof, which plaintiff
paid, paying from time to time each separate charge for
each separate shipment of phosphate which was made for
each separate service and shipment. And plaintiff avers
that the legal charges, according to said Commission rate,
for the aforesaid services of transporting the said rock
from the places of shipment to Fernandina aforesaid were
in the aggregate the sum of one hundred and four
thousand, two hundred sixty and seventy-nine
one-hundredths dollars ($104,260.79), which was twenty-
eight thousand two hundred and thirty-nine and
ninety-seven one-hundredths dollars ($28,239.97) less than
the amount so as aforesaid charged and collected from
the plaintiff. And plaintiff avers that the total distance in
miles from the said points of shipment of the said phos-
phate rock to Fernandina, Florida, was to-wit: one hun-
dred and sixty-two miles. And the distance the defendant
hauled the said rock was one hundred and thirty miles,
and defendant's proportion of the said excess charges made
and paid as aforesaid according to the number of miles
it hauled said phosphate rock is the sum of twenty-two
thousand six hundred and fifty-nine and thirty-one one-
hundredths dollars ($22,659.31), to recover which this
action is brought, with legal interest thereon from the
date of the said several and respective payments. And
plaintiff alleges that during the year A. D. 1905 plaintiff
delivered to said other carrier at Dunnellon, Holder and
Anita, Florida, thirty-eight thousand four hundred and
fifty-seven (38,457) tons of phosphate rock of two thou-
sand pounds each destined to Fernandina, Florida, and
the said other carrier received the said phosphate rock
and carried the same to to-wit, to Ocala, Florida, a station

on its line; that the defendant received the said phosphate rock at Ocala aforesaid from the said other carrier and hauled and carried the same to Fernandina, Florida; and plaintiff alleges that the defendant and the said other carrier charged the plaintiff for the said services the aggregate sum of sixty-eight thousand, six hundred forty-five and twenty-one hundredths dollars ($68,645.20) and demanded payment thereof which plaintiff paid, paying from time to time each separate charge for each separate shipment of said phosphate which was made for each separate service and shipment; the plaintiff avers that the legal charges according to the said Commission rate, for the aforesaid services of transporting the said rock from the places of shipment to Fernandina were in the aggregate the sum of sixty-two thousand, two hundred sixty-seven dollars ($62,267) which is sixty-three hundred and seventy-eight and twenty one-hundredths dollars ($6,378.20) less than the amount so as aforesaid charged and collected. And the plaintiff avers that the total distance in miles from the said points of shipment of the said phosphate rock to Fernandina, Florida, was, to-wit: one hundred and sixty-two miles; and the distance the defendant hauled the said rock was one hundred and thirty miles, and that the defendant's proportion of the said excess charges made and collected as aforesaid, according to the number of miles it hauled the said rock is the sum of fifty-one hundred and eighteen and twenty one-hundredths dollars ($5,118.20), to recover which this action is brought, with legal interest thereon from the date of the said several and respective payments. Plaintiff avers that the said connected line of railroads of defendant and the said other carrier was the only railroad over which plaintiff could have procured the transportation of the said phosphate rock from the interior places aforesaid to Fernandina aforesaid. That prior to the bringing of this suit, plaintiff

made a demand in writing on the defendant for the said
money damages sustained as aforesaid, together with in-
terest thereon, which defendant refused to pay and after-
wards and prior to bringing this suit plaintiff made a
written demand upon the said Railroad Commissioners,
requesting and requiring them to enforce the recovery of
the said damages so as aforesaid sustained, which said
written demand was made more than ninety days prior
to the bringing of this suit, and that the said Commission-
ers failed to institute a suit to enforce the recovery of the
said damages within ninety days after the said demand
on them was made by the plaintiff, wherefore plaintiff
brings this suit and claims sixty thousand dollars ($60,-
000.00) damages, including its expenses, the expenses of
its agents, and their services in this behalf, and reasonable
attorney's fees and costs."

To this declaration the defendant filed the following
pleas:

"Comes the defendant, Seaboard Air Line Railway in
the above entitled cause, by L. N. Green, its attorney of
record therein and, not waiving any plea in abatement
herewith filed but insisting and relying upon the same,
for pleas severally to each and every cause of action set
forth or declared upon in the amended declaration of
plaintiff, says:

6.   And for a sixth plea in this behalf says—that said
cause or causes of action alleged by plaintiff did not accrue
within twelve months prior to the commencement of this
action;

7.   And for a seventh plea this defendant says—that
this action was not brought within twelve months after
the commission of the alleged wrong or wrongs, or the
injury or injuries whereof the plaintiff complains;

8.   And for an eighth plea defendant says—that some
or all of the alleged causes of action had accrued more

than twelve months prior to the second day of June nineteen hundred seven;

9. And for a ninth plea defendant says—that same or all of the alleged wrongs or injuries of which the plaintiff complains were committed more than twelve months before the 2nd day of June nineteen hundred seven (1907.)

10. And for a tenth plea defendant says—that various of the alleged wrongs or injuries whereof plaintiff complains were committed more than twelve months before the 2nd day of June nineteen hundred seven (1907)."

To these pleas the plaintiff below filed the following demurrer:

"And for a demurrer to the defendant's sixth plea plaintiff says that the same is bad in substance. And for matter of law to be argued in support of this demurrer plaintiff specifies that by Chapter 5624 of the Laws of Florida the limitation upon actions of this character under the circumstances set forth in the declaration was extended until twelve months after the termination of the legal proceedings between the State of Florida and the railroad company mentioned in the declaration and in said Chapter 5624.

And for a demurrer to defendant's seventh plea plaintiff says that the same is bad in substance. And for matter of law to be argued in support of this demurrer plaintiff specifies that by Chapter 5624 of the Laws of Florida the limitation upon actions of this character under the circumstances set forth in the declaration was extended until twelve months after the termination of the legal proceedings between the State of Florida and the railroad company mentioned in the declaration and in said Chapter 5624.

And for a demurrer to defendant's eighth plea plaintiff says that the same is bad in substance. And for matter of law to be argued in support of this demurrer plaintiff

specifies that by Chapter 5624 of the Laws of Florida the limitation upon actions of this character under the circumstances set forth in the declaration was extended until twelve months after the termination of the legal proceedings between the State of Florida and the railroad company mentioned in the declaration and in said Chapter 5624.

And for a demurrer to defendant's ninth plea plaintiff says that the same is bad in substance. And for matter of law to be argued in support of this demurrer plaintiff specifies that by Chapter 5624 of the Laws of Florida the limitation upon actions of this character under circumstances set forth in the declaration was extended until twelve months after the termination of the legal proceedings between the State of Florida and the railroad company mentioned in the declaration and in said Chapter 5624.

And for a demurrer to defendant's tenth plea plaintiff says that the same is bad in substance. And for matter of law to be argued in support of this demurrer, plaintiff specifies that by Chapter 5624 of the Laws of Florida the limitation upon actions of this character under the circumstances set forth in the declaration was extended until twelve months after the termination of the legal proceedings between the State of Florida and the railroad company mentioned in the declaration and in said Chapter 5624."

This demurrer was overruled by the court below. Thereupon the plaintiff below filed the following replications to the defendant's pleas:

"The complainant as to the 6th, 7th, 8th, 9th and 10th pleas herein plead, for replication thereunto says: That heretofore to-wit: on the 17th day of December, A. D. 1903, the Railroad Commissioners duly existing and organized under the laws of the State of Florida, at a meet-

ing of the said Commissioners held in Tallahassee, Florida, of which the defendant had due notice, and appeared before the said Commissioners at the said meeting, made and passed an order in part as follows, to-wit: 'The rate to be charged by all the railroad and common carriers doing business wholly or in part within the State of Florida for the transportation of phosphate to points within the State shall not exceed one cent per ton per mile,' and did further order 'that where a shipment of phosphate shall pass over two or more railroads in reaching its destination within the State of Florida, the initial line may charge one and one-half cents per ton per mile for the first ten miles which said phosphate shall be hauled.' And the plaintiff alleges that the defendant company had due notice of and received a copy of the order soon after the same was made and passed as aforesaid; and the plaintiff further alleges that the said defendant company refused to comply with and obey the said order fixing the rate for carrying phosphate as aforesaid and thereupon it became necessary to prosecute a suit to compel the defendant to obey and comply with the said order, and afterwards, to-wit, on the seventh day of March, 1904, an action of mandamus was commenced on the relations of the said Railroad Commissioners and others in the name of the State of Florida, against the said defendant company in the Supreme Court of the State of Florida to compel it to obey and comply with the said order and to carry and transport phosphate at the price and rate fixed in said order; due service was made on the defendant in the said action and the defendant appeared and answered in the said action; that such further proceedings were had therein that afterwards, to-wit, on the 19th day of October, 1904, said Supreme Court entered its judgment in the said action in the words and figures following, to-wit: 'This cause coming on to be heard upon the amended

return of the respondent filed by leave of the court on July 26th, 1904, and the joinder of issue upon the amended return of the respondent to the alternative writ of mandamus issued herein and upon oral documentary evidence in behalf of the respective parties, submitted on the 12th instant and having been argued by counsel for the respective parties, and the court having considered the same, and being now advised of its judgment in the premises, finds the issue in favor of the plaintiff; therefore it is ordered that the peremptory writ of mandamus and the same is hereby granted; and it is further ordered that the plaintiff do recover of the respondent its cost by it in behalf expended, which costs are taxed at the sum of ——————; and it is further ordered that the respondent is required to make return to this court instanter of its full compliance with the commands of the said peremptory writ of mandamus.' That immediately thereafter the said defendant company removed the record of the said action into the Supreme Court of the United States by writ of error, and such further proceedings were thereafter had in the said Supreme Court of the United States that thereafter, to-wit, on December 3rd, 1906, the said judgment of the said Supreme Court of Florida was affirmed by the judgment of the said Supreme Court of the United States, and by such affirmance the said action of mandamus terminated except that the peremptory writ of mandamus was not issued until long after, to-wit, after the 3rd day of December, A. D. 1906, and plaintiff avers that this its action was commenced and brought within twelve months after, and from the date of the end and determination of the said action of mandamus, as aforesaid brought and prosecuted."

To this replication the defendant below filed the following demurrer: "The defendant, by L. N. Green, its attorney, says that the replication of the plaintiff to the 6th,

7th, 8th, 9th and 10th pleas severally, of the defendant, is bad in substance. Points of law to be argued in support of the demurrer to the replication as applicable to each plea.

1. The facts stated in the replication do not constitute in law any sufficient reason why the bar of the statute of limitations should not apply to, or defeat the cause of action and rights of recovery, and each and every such cause of action and right of recovery set up in the declaration.

2. The facts stated in the replication do not constitute in law any sufficient reason for reviving or restoring, or have the effect in law to revive or restore the causes of action and rights of recovery alleged in the declaration, or either or any such cause of action or right of recovery, which causes of action and rights of recovery, and each and every of them, had become extinct and of no effect by the lapse of time alleged in the plea.

3. Chapter 5624 of the Laws of Florida, approved June 3, 1907, does not apply to the causes of action or rights of recovery set up in the declaration, or to any cause of action or right of recovery as to which like those mentioned in the declaration, the period of time mentioned in the plea had elapsed before the time when said Chapter 5624 of the Laws of Florida became operative, to-wit, June 3, 1907.

4. Chapter 5624 of the Laws of Florida, which is relied upon to sustain, and as a basis in law, for the plaintiff's replication, is void and of no effect to revive or restore the alleged causes of action and rights of recovery set out in the declaration, or either or any of such causes of action or rights of recovery, which causes of action and rights of recovery, and each and every of them, had become extinct and of no effect prior to the date upon which Chapter

5624 of the Laws of Florida became effective as a law of the State of Florida, to-wit, June 3, 1907.

5. Chapter 5624 of the Laws of Florida, approved June 3, 1907, which is relied upon to sustain, and as a basis in law, for the plaintiff's replication, is void in law and of no effect to revive or restore the causes of action and rights of recovery set out in the declaration, or either or any of such causes of action or rights of recovery, and deprive the defendant of its vested right against the payment of such causes of action and rights of recovery resulting to the defendant from the lapse of time alleged in each plea to which the said replication is pleaded.

6. Chapter 5624 of the Laws of Florida, approved June 3, 1907, which is relied upon to sustain, and as a basis in law, for the plaintiff's replication, is void in law and of no effect to revive or restore the alleged causes of action or rights of recovery mentioned in the declaration, or either or any of such causes of action or rights of recovery, such Chapter 5624 of the Laws of Florida being in violation of the provisions of Section 12 of the Declaration of Rights of the Constitution of the State of Florida, that no person shall be deprived of property without due process of law.

7. Chapter 5624 of the Laws of Florida, approved June 3, 1907, which is relied upon to sustain, and as a basis in law, for plaintiff's replication, is void and of no effect to revive or restore the causes of action or rights of recovery set up in the declaration, or either or any of such causes of action or rights of recovery, which causes of action and rights of recovery had become extinct by the lapse of time mentioned in each of said pleas.

8. Chapter 5624 of the Laws of Florida, approved June 3rd, 1907, which is relied upon to sustain, and as a basis in law, for plaintiff's replication, is void and of no effect to revive or restore the rights of action and causes of action, or rights of recovery set up in the declaration, or

either or any of such rights or action or causes of action, or rights of recovery, which rights and causes of action and rights of recovery had become barred by the lapse of time mentioned in each of said pleas.

9.   There is no law of the State of Florida that makes the facts stated in said replication sufficient to revive the alleged causes of action or rights of recovery sued on, or either or any of such causes of action or rights of recovery from the legal effect of being destroyed by the lapse of time alleged in each of said pleas.

10.   That Chapter 5624 Laws of Florida, in so far as it seeks to restore or revive any right of action or cause of action or right of recovery, set out in the plaintiff's declaration, is unconstitutional and void, in that it is restrictive in its purpose and effect.

11.   That Chapter 5624 Laws of Florida, in so far as it seeks to restore or revive any claim or claims of plaintiff or right of plaintiff to recover any amount of money to compensate him for expenses including the value of its time and expenses, is unconstitutional and void, because in that it is retroactive in its purpose and effect.

12.   That Chapter 5624 Laws of Florida, in so far as it seeks to restore or revive any claims or claim of plaintiff for an amount of money to compensate him for all reasonable attorney's fees, as claimed in the declaration, is unconstitutional and void because it is in violation of the provisions of Section 17 of the Declaration of Rights of the Constitution of the State of Florida, that no ex post facto law shall ever be passed."

This demurrer was sustained by the court below and the plaintiff declining to plead further final judgment upon the demurrer was rendered in favor of the defendant below, and for a review of this judgment the plaintiff below brings the case here by writ of error, and assigns the following as error:

1st. The court erred in its order of February 24th, 1909, overruling plaintiff's demurrer to defendant's 6th plea.

2nd. The court erred in said order in overruling plaintiff's demurrer to defendant's 7th plea.

3rd. The court erred in said order in overruling plaintiff's demurrer to defendant's 8th plea.

4th. The court erred in said order in overruling plaintiff's demurrer to defendant's 9th plea.

5th. The court erred in said order in overruling plaintiff's demurrer to defendant's 10th plea.

6th. The court erred in its order made April 19th, 1909, sustaining the defendant's demurrer to the plaintiff's replication to the 6th, 7th, 8th, 9th and 10th pleas of the defendant.

7th. The court erred in entering final judgment in favor of defendant April 19th, 1909.

Section 2910 of the General Statutes of Florida of 1906, provides as follows:

'2910. Power to sue in behalf of individuals.—If any railroad, railroad company or other common carrier doing business in this State, shall, in violation or disregard of any rule, rate or regulation, provided by the commissioners aforesaid, inflict any wrong or injury on any person, it shall be the duty of the railroad Commissioners if requested by such injured person to institute proceedings to compel restitution and to enforce the penalty incurred in any court having jurisdiction, and such action by the railroad commission shall preclude settlement by the party or parties injured without the consent of the commission. And if any railroad company or common carrier shall discriminate, by way of rebate or otherwise, directly or indirectly, in favor of any consignor or consignee of freights within this State, or allowing him a reduction of the rate fixed by said commissioners as reasonable and just, any other

consignor or consignee of freights within this State shall
have a right of action against the said railroad company
or common carrier, and the amount of his damages shall
be fixed by a jury, unless a jury shall be waived, and the
measure of damages shall be such sum or sums of money
as will fairly compensate the injury done to said last men-
tioned consignor or consignee. But in all such cases de-
mand in writing on said railroad, railroad company or
common carrier shall be made for the money damages sus-
tained before suit is brought for recovery under this sec-
tion and all suits under this chapter shall be brought
within twelve months after the commission of the alleged
wrong or injury."

By Chapter 5624 Laws approved June 3rd, 1907, this
section of the General Statutes was amended to read as
follows: "If any railroad, railroad company or other com-
mon carrier doing business in this State, shall, in violation
or disregard of any rule, rate or regulation, provided by
the commissioners aforesaid, inflict any wrong or injury
on any person, it shall be the duty of the Railroad Com-
missioners, if requested by such injured person, to insti-
tute proceedings to compel restitution, and to enforce the
penalty incurred in any court having jurisdiction, and
such action by the Railroad Commission shall preclude
settlement by the party or parties injured without the con-
sent of the commission. And if any railroad company or
common carrier shall discriminate, by way of rebate or
otherwise, directly or indirectly, in favor of any consignor
or consignee of freights within this State, or allowing him
a reduction of the rate fixed by said commissioners as rea-
sonable and just, any other consignor or consignee of
freights within this State shall have a right of action
against the said railroad company or common carrier, and
the amount of his damages shall be fixed by a jury, unless
a jury shall be waived, and the measure of damages shall

be such sum or sums of money as will fairly compensate the injury done to said last mentioned consignor or consignee. But in all such cases demand in writing on said railroad, railroad company or common carrier shall be made for the money damages sustained before suit is brought for recovery under this section, and all suits under this chapter shall be brought within twelve months after the commission of the alleged wrong or injury, except in cases where the Railroad Commissioners have heretofore been, or shall hereafter be, by the refusal of such railroad or common carrier to observe the rates, rules, schedules or regulations by the Railroad Commissioners compelled to resort to suits to enforce such rates, rules, schedules or regulations, and in such cases, suits for such loss, damage or penalty may be brought within twelve months after the termination of such suits in favor of the Railroad Commissioners."

In the case of Parmelee v. Savannah, F. & W. Ry., 78 Ga. 239, 2 S. E. Rep. 686, the Supreme Court of Georgia, construing a statute identical with the Florida statute first above quoted, held that such statute makes it a condition precedent to the bringing of a suit for the recovery of amounts paid for freight to a railroad company in excess of the sum allowed by the Railroad Commission, that the suit should be brought within twelve months from the time the right of action accrues.

In Gulledge v. Seaboard Air Line R. Co., 148 N. C. 567, 62 S. E. Rep. 732, it was held that where a statute created a new right of action and imposed a limitation which was a condition to the exercise of such right, no explanations as to why suit was not brought within the specified time would avail to excuse the default, in the absence of a saving clause in the statute.

In Stern v. La Compagnie Generale Transatlantique, 110 Fed. Rep. 996, it was held that where a statute gives

a right of action for wrongful death "provided that every such action shall be commenced within 12 calendar months after the death of such deceased person," that such proviso was not merely a designation of the ordinary period of limitation for such actions, operating as a part of the general statute of limitations of the State, on the remedy alone, and hence subject to extension under a provision of such general statute when the defendant was not a resident of the State and having an action to enforce the right given when brought in another jurisdiction, to be governed by the law of the forum as to limitation, but was an express condition of the right of action itself, which must be given effect in every forum wherein an action based upon the statute is instituted. Thompson v. Hoxsie, 25 R. I. 377, 55 Atl. Rep. 930; The Harrisburg, 119 U. S. 199, 7 Sup. Ct. Rep. 140; 19 Am. & Eng. Ency. Law, p. 151.

Our conclusion is that under the provisions of the first above quoted statute the period of time (twelve months), within which all actions under such statute must be instituted enters into and becomes a part of the right of action itself, and that if such limited time is allowed to elapse without the institution of an action the right of action itself is forever extinguished and gone; and that such limitation is not like ordinary statutes of limitations that may be said to effect the remedy merely, but directly affects the very right of action itself.

The replications of the plaintiff to the pleas of the defendant setting up this bar seek to avoid the extinguishment of its right of action, invoking the provisions of Chapter 5624 laws of 1907 last above quoted by which the time of bringing such actions was extended to twelve months after the termination of suit by the Railroad Commission to enforce its schedules, rules, rates, &c., and alleging that a suit by the Railroad Commission had been

instituted and had terminated within twelve months before the bringing of this suit. The declaration of the plaintiff and the pleas of the defendant show that the cause of action sued on arose more than twelve months prior to the enactment of this last mentioned statute, and that under the provisions of the first quoted statute the right of action of the plaintiff had become extinct prior to the passage of the last mentioned law. Under these circumstances the Act of June 3rd, 1907, Chapter 5624 could not affect the cause of the plaintiff so as to revive his right of action, for that had become extinguished prior to the act of the legislature. It is next contended that even if the plantiff's claim was barred or extinguished under the statute that still he has a remedy at the common law for recovery of the alleged excessive freight charges. This contention cannot be sustained. There is in the declaration of the plaintiff no count or allegation upon which the alleged common law remedy is invoked, but on the contrary the declaration plants itself entirely upon the provisions of our statute. The court below ruled correctly in sustaining the defendant's demurrer to the replication of the plaintiff to its pleas, and in the entry of judgment in the defendant's favor, and such judgment is hereby affirmed at the cost of the plaintiff in error.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL and PARKHILL, J. J., concur.

HOCKER, J., dissents.