FARRIS & COMPANY v. THE WILLIAM SCHLUDERBERG, T. J. KURDLE COMPANY.

193 So. 429
Opinion Filed January 26, 1940
Rehearing Denied February 10, 1940

*Martin H. Long* and *Judson Freeman,* for Petitioner; *Frank J. Heintz,* for Respondent.

PER CURIAM.—Petitioner, a Florida corporation, sold and shipped to Respondent, a Maryland Corporation, one car load of boned beef. The shipment was consigned under C. A. F. Contract to petitioner at Baltimore, Maryland,

with draft on a Baltimore bank and bill of lading attached. The draft was paid on presentation and the bill of lading delivered.

The car was shipped from Jacksonville, Florida, October 17th, arrived at destination October 20th, and remained on the siding until October 22. When opened on the latter date in the presence of inspectors, a part of the shipment was found to be unfit for consumption and was destroyed, a part was salvaged by pickling, and the balance found to be good.

Respondent made demand on petitioner to be reimbursed for the spoiled meat and the cost of salvaging that which was pickled but petitioner denied liability and respondent brought an action against petitioner in the Civil Court of Record in Duval County to recover the sum claimed. The trial resulted in a verdict for respondent for the full amount claimed. Motions for a new trial and for judgment notwithstanding the verdict were denied and judgment was entered for respondent which was on appeal affirmed by the Circuit Court. That judgment is here for review on certiorari.

The real question presented is whether or not the trial court should have directed a verdict for petitioner at the conclusion of the evidence.

The contract appears to have been a Maryland one, governed by the law of that State and might have been sued on in either Maryland or Florida but since the action was brought in the latter State, the law of the forum governs as to procedure. The contract was executed in Maryland, the meat was consigned to Baltimore and delivery was made there, consignment having been made there to petitioner.

Petitioner relies on his plea of custom of the trade when shipping under C. A. F. Contract, which means that the consideration paid covered cost and freight to destination.

The cleavage between petitioner and respondent goes to the elements of a C. A. F. Contract as related to the custom of the trade and the obligations imposed thereby on the parties.

The obligations or points in dispute related to date of shipment, pre-cooling of the car when packed, whether it contained "old cuts" contrary to contract and whether or not the plain words of the contract rather than the custom of the trade did not govern.

Since all these points were in dispute, it was competent to have proof as to them. The evidence has been examined and is found to be in conflict but it does not appear that the essential requirements of law were not followed. The ultimate question is one of proof and a discussion of that would serve no useful purpose.

It follows that the writ of certiorari is quashed.

It is so ordered.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.