SMITH, Chief Judge.
The appellants filed their complaint against the defendants-appellees to recover the purchase price paid by them for corporate bonds sold in violation of the Uniform Sale of Securities Law, F.S.A. ch.' 517. In endeavoring to justify filing the action more thah two years after the sale appellants alleged they did not know and defendants did not reveal to them the fact that the bonds had been fraudulently sold in violation of the statute and plaintiffs did not discover that they had been so fraudulently sold until a certain date which was within two years from the time of filing the complaint. The court dismissed the cause of action citing F.S.A. § 517.21 which provides that “ * * * no action shall be brought for the recovery of the purchase price after two years from the date of such sale * *
F.S.A. § 517.21 created an entirely new right of action that did not exist at common law and expressly attached thereto, without any exception, the proviso that the action must be brought within two years from the date of sale. Such a limitation of time is not like an ordinary statute of limitation affecting merely the remedy, but it enters into and becomes a part of the right of action itself, and if allowed to elapse without the institution of the action, such right of action becomes extinguished and is gone forever. See La Floridienne, J. Buttgenbach Co. v. Seaboard Air Line Ry., 1910, 59 Fla. 196, 52 So. 298, and Bowery v. Babbit, 1930, 99 Fla. 1151, 128 So. 801, and 34 Am.Jur., Limitations of Actions, § 7.
*678 When the two year period for bringing an action under F.S.A. § 517.21 passed, the right of action terminated. Allegations of defendants’ fraudulent concealment or lack of knowledge on the part of the plaintiff could not revive the cause of action. F.S.A. § 95.11(5) (d), the fraud exception to statutes of limitation, is not applicable. The principles of law announced in La Floridienne and Bowery are controlling here.
Affirmed.
WALDEN, J., and MELVIN, WOODROW M., Associate Judge, concur.